[No. 661. Decided November 3, 1892.]

JOHN HOGELE, *Appellant*, v. C. R. WILSON, HENRY WILSON, AND A. B. JOHNSON, *Respondents.*

MASTER AND SERVANT—DANGEROUS MACHINERY—LIABILITY OF MASTER—NON-SUIT.

A servant employed to operate dangerous machinery, whose dangerous character is apparent to all, and as well known to the servant as to his employer, assumes the risk of such employment; and where there are no latent defects in the machine, the servant cannot recover for injuries received therefrom, although there may be more modern machines for performing the same work whereby the dangers incident to such employment are greatly reduced.

Where a plaintiff has failed to make a case upon all the proofs introduced by him, the defendant is entitled to a non-suit, although he has, upon cross-examination of plaintiff's witnesses, asked certain questions, the answers to which may tend to establish a defense.

*Appeal from Superior Court, Chehalis County.*

*J. C. Cross,* and *A. E. Griffiths,* for appellant.

*D. Allen, M. J. Cochran,* and *H. H. Northrup,* for respondents.

The opinion of the court was delivered by

HOYT, J.— Numerous errors have been assigned as grounds for the reversal of the judgment entered in this cause, and have been argued by the counsel for the respective parties. But as we view the record the judgment of the court below is right or wrong, as we find for or against a single proposition. Plaintiff was injured while working in a sawmill upon a machine called a "hand edger." The contention on his part is, that such machine was dangerous to life and limb, and that he had never been properly instructed as to its use by the defendants, and that by reason of the negligence of the defendants in allowing him to work at such a machine without such instruction they had become liable to him for damages occasioned by the injury. The contention on the part of the respondents is, that the dangers connected with the use of the machine in question by the appellant were as well known to him as to the defendants, and that they were incident to his employment, and that defendants were not liable on account thereof. The whole case turned in the court below, and must, we think, be decided here, upon this single proposition. It is not contended by the plaintiff that there was any defect in the machine at which he was working; that is, he does not claim but what it was in good order when he was put to work upon it, and was still in good order at the time of his injury. He does claim, however, that the machine

11—5 WASH.

itself was out of date, and had been in most mills sup-
planted by more modern machines, to perform the same
work, by which the dangers incident to employment thereat
had been greatly reduced.    It is not claimed, however,
on his part that there were any latent or secret defects in
this machine.    All the dangers connected therewith were
open and apparent to a casual observer.    No one could see
the machine running for even an hour without being im-
pressed with the dangers incident to working around it.
The undisputed proof showed that plaintiff had been at
work in and around the mill in which this edger was used
for more than a year, and that he had been at work on the
edger in the same capacity that he was working when in-
jured for more than four months.

Under these circumstances we do not think that there
was any proof of the plaintiff having been subjected by the
defendants to any dangers excepting such as must have
been present in his own mind and accepted by him as in-
cident to his occupation, and such being the case, he, of
course, could not recover for any injury resulting from
such employment.    This rule of law upon the facts above
stated is overwhelmingly established by the authorities.
Wharton on Negligence, § 214, lays down the proposition
more broadly than it is necessary that it should be stated
in order to bring the plaintiff in this action within it, and
cites over fifty cases, each of which more or less directly
sustains the text of such section.    See also *Buzzell v. La-
conia Manufacturing Co.*, 48 Me. 121; Wood, Master and
Servant, § 326.

All the facts which we have stated as above appeared in
plaintiff's own testimony, and such being the case, the mo-
tion for non-suit was properly granted by the court.    Ap-
pellant contends, however, that even although the rule is as
above contended for, and the plaintiff had by his own tes-
timony brought himself within it, yet that it was error on

the part of the court to grant defendants' motion for a non-suit, for the reason that they had introduced affirmative proofs to establish their defense. The proofs introduced by them, if any, at the time the motion was made were from one of the witnesses for the plaintiff by way of cross examination, during which some questions were asked, the answers to which may have been in the direction of making a defense. But the witness who was thus examined by the defendants was an expert witness introduced simply to show the nature of the injury and the probable result thereof, and we do not think the question or two asked by defendants during the progress of the plaintiff's case before the close thereof could affect the right of the defendants to move for a non-suit at the close of plaintiff's case upon all the proofs which had been introduced.

The non-suit, then, was properly granted, and the judgment rendered thereon must be affirmed.

ANDERS, C. J., and DUNBAR, STILES and SCOTT, JJ., concur.