[No. 1008.    Decided September 4, 1894.]

ROBERT OLSON, *Respondent*, v. McMURRAY CEDAR LUMBER COMPANY, *Appellant.*

LIABILITY OF MASTER FOR INJURIES TO SERVANT — RISKS OF EMPLOYMENT.

A person employed to work about dangerous machinery assumes the risk of all apparent danger, and cannot recover for injuries received although his employer has not instructed him as to his duties around the machinery and the danger of his employment.

*Appeal from Superior Court, King County.*

*James B. Howe*, for appellant.

*James Hamilton Lewis*, and *L. Hulsether*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—The respondent, plaintiff in this case, was an employé in the mill of the appellant. He lost his right thumb by having it crushed in appellant's saw mill. He obtained a verdict for $1,000 damages, from which judgment an appeal has been taken to this court. At the close of respondent's testimony, motion was made for a nonsuit, which was overruled.

Under the conditions of respondent's employment it was his duty to remove slabs, lumber and edgings from the rollers on which such material passed from the edging machine sliding along the skids to the slab saw, and from thence out of the mill. Respondent had been employed around the mill as a common hand for about three months, but the accident which caused the injuries happened on the third day of his employment within the mill. The cog which crushed the finger of respondent was uncovered. His theory is that this was negligence on the part of the appellant, and that in any event respondent should have been instructed as to his duties around the machinery and the danger of the same. Respondent, in picking up small pieces of lumber which had fallen over the skid and in front of the cog which was in the live roller, did not notice the cog, and his hand was thereby brought in contact with it and the injury induced. He claims he did not know that the cog was there, or could not see it by reason of its being covered by this refuse lumber; and that he could not see it from his original position by reason of his view being obstructed by a skid which was between him and the live roller or cog where he was injured.

It seems to us from all the testimony in this case, and from the testimony of the respondent alone, that he was guilty of gross and inexcusable negligence. He testifies that the mill was cleaned out once a day, and that the refuse lumber or odds and ends which fell upon this roller were not

there in the morning, and especially were not there Monday morning when he went to work. If this be true, then if he had exercised the sense of sight which every man is called upon to exercise under such circumstances, he would have seen where this cog was located; and it is going too far to say that his vision was obstructed by a skid which was only four inches broad and eight inches deep, so that he could not see a cog which was ten inches wide.

In answer to the question, "Do you mean that skid covered the cog wheel so that you could not see it?" respondent said, "If I noticed I could have seen it, but I didn't do it." Men, when they are working around dangerous machinery, must notice. Their faculties and senses are given them for the purpose of self-preservation, and they must exercise them to a reasonable extent. The testimony of this man shows that he knew where all the live rollers were, and that in every live roller there was a cog, and that he knew that if his hand came in contact with the cogs he would be hurt; and it seems to us that the very slightest prudence on his part would have saved him from the results of this accident. It makes no particular difference whether it was one of the rollers that was three feet from the ground or the roller, as claimed by the respondent, that was ten inches from the ground. Three days' observation of this machinery around which this man was working would naturally make him acquainted with the location of all the cogs; and if he did not exercise discretion or thought or care enough and pay sufficient attention to their location to know where they were, he cannot complain if by reason of such heedlessness he is damaged.

The dangers in this instance were apparent, and the law is well settled that an employé when he assumes his employment takes the risk of all apparent danger. This was the doctrine announced by this court in *Week v. Fremont*

*Mill Co.*, 3 Wash. 629 (29 Pac. 215), and *Jennings v. Tacoma Ry. & Motor Co.*, 7 Wash. 275 (34 Pac. 937), and is the doctrine of common justice and right between employer and employé, and the doctrine of common sense.

We think the plaintiff's own testimony in this case shows so clearly a disregard of the apparent dangers of his employment that he should not be allowed to recover damages for the injuries suffered by him.

The judgment will, therefore, be reversed, and the cause remanded with instructions to grant the motion for a nonsuit asked by the appellant.

ANDERS, HOYT, STILES and SCOTT, JJ., concur.