[No. 2225. Decided May 26, 1896.]

James Bullivant *et ux.*, *Appellants*, v. The City of Spokane *et al.*, *Respondents.*

MASTER AND SERVANT — NEGLIGENCE — RISK OF EMPLOYMENT — SUFFICIENCY OF COMPLAINT.

A complaint for the death of an employee is demurrable, when it shows that the peril to which he was exposed by his employment and which resulted in his death, was such as could have been easily seen and appreciated by him.

37—14 WASH.

A workman assumes the risk of working near a dam having an angle of about 135 degrees with the surface of the water, where the current is so swift that he cannot swim out of it, should he fall in, if there is nothing to prevent his seeing and appreciating the peril.

Appeal from Superior Court, Spokane County.— Hon. NORMAN BUCK, Judge. Affirmed.

*Harris Baldwin*, and *C. S. Voorhees* (*Baldwin & Landrum*, and *Jones, Voorhees & Stephens*, of counsel), for appellants.

*W. H. Plummer*, and *Blake & Post*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal from a judgment of the court sustaining a demurrer to the complaint for damages against the city of Spokane and others brought by the parents of one John V. Bullivant who was drowned in the Spokane River. The substance of the complaint is that while the city of Spokane was constructing certain water works through the agency of the Eslick, Ferguson & Bayley Company, they constructed a false dam in the river, and that by reason of the construction of said false dam the water of said river, which had usually flowed between the banks and along the natural bed thereof, was confined within and caused to flow through a much more narrow channel, and was caused to be and was of much greater depth than it had theretofore been, and was caused to flow with greatly increased swiftness in the vicinity of said dam, which said change in the volume and velocity of the water was known to the defendants, but was not known to the deceased. The reason for this increase in velocity is given in detail in the complaint, but it is not necessary to mention the facts herein.

It is alleged that in violation of their duty the defendants built a dam in a careless, negligent, unskillful and dangerous manner, in that the surface of the dam next to the water, where the deceased was directed to work, was at an angle of about 135 degrees with the surface of said water, and that by reason of this neglect the deceased, said Bullivant, slipped and fell off into the waters of the river, and that, " by reason of the accelerated velocity of the water he was unable to swim to the bank of the river and was drowned." It is also alleged that the defendants exercised no care or precaution whatever by way of preventing any person from falling from said dam or affording any means of escape or rescue from said river for any person who might fall.

We think the court rightly sustained the demurrer to the complaint in this case. It is the conceded law and has frequently been announced by this court that neglect is a mixed question of law and fact, and when it plainly appears, as it does in this case, that the party who was injured could see and appreciate the peril to which he was exposed by his employment, it must be concluded as a matter of law that he accepted such peril as incident to his employment. If the dam was built at an angle of 135 degrees to the surface of the water, this is a condition which must have been apparent to Bullivant. It was also evidently apparent to him that no means were provided to prevent him from falling into the water or to rescue him if he did so fall.

There is no claim that there were any hidden defects in the dam, or that the most dangerous features of it were in any way concealed. There can certainly be no neglect attributed to the city or the builders of the waterworks for not informing the deceased that there

were boulders or timbers in the bottom of the river, which had been covered up by the water. It would be impracticable to require such a duty as this on the part of the contractors, and it would amount to nothing if it was required. If the current is so swift as it is alleged to be in the complaint, it would be easily discernible to the man who was working on and around the dam, and if he had thought on the subject at all, which it was his duty to do while working in such a place, he would have known that it would be a very dangerous place to fall. He must have known this from the situation described in his complaint, but, notwithstanding the apparent danger, he saw fit to accept the employment and assume the risk.

We think this case falls within the rule announced in *Jennings v. Tacoma Ry. & Motor Co.*, 7 Wash. 275 (34 Pac. 937), and in *Olson v. McMurray Cedar Lumber Co.*, 9 Wash. 500 (37 Pac. 679).

The judgment will be affirmed.

HOYT., C. J., and SCOTT, ANDERS and GORDON, JJ., concur.