[No. 3371.   Decided January 18, 1900.]

CARL JOHNSON, *Appellant*, v. TACOMA MILL COMPANY, *Respondent.*

MASTER AND SERVANT—DUTY OF MASTER TO PROVIDE SAFE PLACE TO WORK—ASSUMPTION OF RISKS.

One employed as a carpenter to make repairs to a mill at a point where he was unfamiliar with existing conditions, and who is injured by stepping backward into a barrel of hot water, sunk so as to bring the top level with the ground, and which

was used to receive the water and steam from the exhaust pipe of an engine in the mill, the presence of the barrel being unnoticeable by reason of the water in the barrel having pieces of bark floating on it and by reason of no steam arising from the barrel at the time, because the mill was not running, has a right of action against the mill company on the ground of its negligence in not furnishing him a safe place in which to work.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge.    Reversed.

*Snell & Bedford,* for appellant.
*Preston, Carr & Gilman,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The appellant, who is a carpenter, was employed by the respondent, Tacoma Mill Company, to change a pipe on the mill, where it appears appellant had not been at work before, although he had worked for some time in and about the mill.    After erecting the pipe, appellant stepped back to see if the same was perpendicular, and stepped into a barrel of hot water which was located a few feet from the sidewalk, and opposite the place where the pole was erected.    The barrel was sunk into the ground, its top being on a level with the top of the ground.    Its purpose was to receive water and steam coming from an exhaust or drain pipe of a nigger engine, said drain pipe connecting the engine with the barrel.    By reason of stepping into this barrel, the injury was inflicted upon the plaintiff.    It is claimed that when the mill was working, and the engine exhausting hot water and steam into this barrel, there would necessarily be clouds of steam rising from it.    In this instance, however, the mill was not running at the time, and the testimony is to the effect that there was no steam observable.    Testimony was also offered, and undisputed, that there was considerable litter of pieces of bark around the barrel, and that some small pieces of bark were floating on the water in the barrel.

There was some testimony that the barrel had previously been kept covered, but it had been uncovered for some time prior to the accident.    At the close of the plaintiff's testimony the court, on the motion of respondent, granted a nonsuit, and judgment was entered, from which this appeal is taken.

We think it hardly worth while to discuss the abstract principles of law applicable to the relative duties of employer and employees, so far as assuming the risks of danger are concerned.    Outside of all other authorities, this court has so often stated the law governing this unfortunate class of cases, that we would but repeat if we undertook to state it extensively again.    In fact, the rule contended for by appellant, that it is the duty of the master to furnish the servant with a safe place to work, and safe appliances to work with, is elementary, and the qualification to this rule urged by the respondent, viz., that the servant assumes the risk of all apparent danger, is just as firmly established; and applying the rule announced, with the qualification contended for, to the facts in this case, we do not think, as a matter of law, the appellant was guilty of contributory negligence.    And, if the judge who tried this case granted a nonsuit on the authority of the cases cited by the respondent from the decisions of this court, he failed to appreciate the distinction in principle between the cases relied on and the case at bar—a distinction which, it seems to us, was plain and palpable.    In *Week v. Fremont Mill Co.*, 3 Wash. 629 (29 Pac. 215), the plaintiff was injured by reason of the breaking of a wire rope which he manipulated.    That was a case of apparent danger, and this court said in its opinion that it clearly appeared from the plaintiff's own testimony that he knew the bad condition of the wire rope, that the danger was apparent to the senses, and that, operating it under such circumstances, he assumed the apparent risk con-

nected therewith.    *Hogele v. Wilson,* 5 Wash. 160 (31
Pac. 469), is a case where the plaintiff was injured by an
edger which he was operating, where all the dangers con-
nected therewith were open and apparent; and the con-
tention was that the employer was liable, because he had
not furnished the employee with the most improved ma-
chinery.    And in that case it was decided that a servant
employed to operate dangerous machinery, whose danger-
ous character is apparent to all, and is as well known to
the servant as to the employer, assumes the risk of such
employment; and, where there are no latent defects in
the machine, the servant cannot recover for injuries re-
ceived therefrom, although there may be more modern
machines for performing the same work, whereby the
dangers incident to such employment are greatly reduced.

*Jennings v. Tacoma Railway & Motor Co.,* 7 Wash.
275 (34 Pac. 937), was where a conductor undertook to
push a car out of the power house, and was injured while
attempting to accompany the car through an opening
which it had to traverse, by holding on to the side of the
car and neglecting to let go when he came to the opening,
although it plainly appeared that there was only a space
of three and one-half inches between the side of the car
and the wall against which he was pushed; and we said,
in answer to the contention that the servant had a right to
assume that the master had furnished him a safe place to
work, that such assumption could not be relied upon after
actual knowledge to the contrary had been brought home
to the mind of the servant, as it was apparent that it had
been in that case.

The case of *Olson v. McMurray Lumber Co.,* 9 Wash.
500 (37 Pac. 679), which respondent thinks is similar to
the case at bar, was another case of alleged defective
machinery; said machinery being intimately related with
plaintiff's work, and the uncovered cog with which he was

hurt being plainly observable. He was hurt by this cog, which he said he could not see; and, in keeping with the universal authority that a person employed to work about dangerous machinery assumes the risk of the apparent danger, it was held that he could not recover.

In *Bullivant v. Spokane*, 14 Wash. 577 (45 Pac. 42), we sustained a demurrer to the complaint which alleged carelessness in the defendants in putting the plaintiff to work on a dam above a rapid current in the river, where the surface of the dam was at an angle of 135 degrees with the surface of the water, by reason of which the party fell and was drowned; and it was said in that case that, if the dam was built at an angle of 135 degrees to the surface of the water, the danger of the position must have been apparent to the deceased, and that, under the general rule in relation to apparent danger, his representatives could not recover. In that case, also, the alleged danger was in the thing on which the deceased was working.

In *Anderson v. Inland Telephone & Telegraph Co.*, 19 Wash. 575 (53 Pac. 657, 41 L. R. A. 410), it was held that the lineman whose duty it was to inspect the poles and wires, and who was furnished with the apparatus for inspecting and testing electric insulators, should have taken notice of a broken insulator on one of the poles, the wires upon which it was his duty to repair.

But how different this case is from any of the cases above noticed! There is no question involved here of working with dangerous machinery, or of working in the immediate vicinity of dangerous machinery. The plaintiff was not injured by anything he was working with or upon. The cause of his injury was entirely disconnected with, and separate and distinct from, the subject of his work. It is true that if a man is working in a mill or factory, where common intelligence will take notice that dangerous machinery is used, and steps back upon a saw or into a fur-

nace, or upon any dangerous device or machine, he cannot recover damages, because, being charged with knowledge of the existence of these dangerous objects, the danger must be held to be apparent; and while it is true that the plaintiff in this case could doubtless have seen the barrel, if he had looked for it,—and that is the admission which the counsel for respondent sought to obtain, and did obtain,—he was under no *obligation* to look for it, and naturally would not look for it, for he had no actual notice of its existence, and it does not appear that it was a necessary or common attachment to mills, or, if it was, that it was the custom to leave it uncovered. It was not a danger incident to the business of putting up a pipe, and under the testimony it was not so conspicuous as to challenge attention; and the plaintiff, being rightfully there in the discharge of his duty, had a right to rely upon the duty of the master to furnish him a safe place in which to work, and the place evidently not being safe and the danger not apparent, the master, under the authorities, is liable for the damages.

The judgment is reversed, with instructions to grant a new trial.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.