IDA KANE, Respondent, v. ST. LOUIS, KANSAS CITY & COLORADO RAILROAD CO., Appellant.

Kansas City Court of Appeals, May 22, 1905.

1. MASTER AND SERVANT: Place of Work: Assumption of Risk. A master ordered a servant to go upon the slope of a deep cut to a certain bench and there prize loose a certain rock in the face of the slope above the bench. The servant proceeded onto the bench and instead of prizing the rock out from beneath he struck it and either missed or hit it glancingly and the force of the effort threw him to the bottom of the cut with death resulting. *Held*, the risk was incident to his employment and the master was not liable.

2. ———: ———: ———: Liability. When the place of work is no more dangerous than the nature of the work to be done makes it necessary, the master is not liable.

Appeal from Osage Circuit Court.—*Hon. Wm. A. Davidson*, Judge.

REVERSED.

*W. F. Evans, A. H. Bolte* and *Frank P. Sebree* for appellant.

(1) There was no negligence shown in the order of assistant foreman McLaughlin to deceased to remove the stone. That there was danger in doing the work does not make the order to do it negligence. The danger was an incident in the work itself. The work was of the same character as the men were doing and had been doing for some days; it was work necessary to be done for the completion of the railroad, and was being done in the ordinary and usual way of doing such work. Hence, there was no negligence shown. Cunningham v. Journal Co., 95 Mo. App. 47; Holt v. Railroad; 84 Mo. App. 443; Higgins v. Fanning, 195 Pa. St. 599; Shipbuilding Works v. Nuttall, 119 Pa. St. 149; Railroad v. Huntley, 38 Mich. 537; Laflin v. Railroad, 106 N. Y. 136; Railroad v. Allen, 78 Ala. 494; Bohn v. Railroad, 106 Mo. 429; Kelly v. Railroad, 105 Mo. App. 365. (2) The risk of performing the kind of work the deceased was engaged in was an ordinary risk and inherent in the work itself. In taking the rock from the sides of any of the cuts the men were liable to lose their balance, and the fact that should they do so and fall they would receive serious injury, made the work more or less dangerous. This being the case, the risk was an ordinary one and was assumed by the persons subjected to it. Harrington v. Railroad, 104 Mo. App. 663; Cothron v. Packing Co., 98 Mo. App. 343; Minnier v. Railroad, 167 Mo. 99; Grattis v. Railroad, 153 Mo. 380; Smith v. Hammond Co., 111 Mo. App. 13; Kleine v. Freunds, 91 Mo. App. 102. (3) The work was of a simple, plain character. All the surroundings and conditions were in plain view. All the risks of danger were obvious to anyone doing the work, especially a trackman who was experienced in that kind of work. For these reasons, also, the deceased assumed the risks. Minnier v. Railroad, 167 Mo. 99; Bradley v. Railroad, 138 Mo. 303; Harff v. Green, 168 Mo. 312; Lucy v. Oil Co., 129

Mo. 40; Holloran v. Iron Co., 133 Mo. 477; Berning v. Medart, 56 Mo. App. 448; Junior v. Light Co., 127 Mo. 83; Marshall v. Press Co., 69 Mo. App. 260. (4) There was no evidence that the work plaintiff was attempting to do, or the conditions surrounding him, caused him to fall. The only witness who saw the accident says that the deceased struck the rock on top instead of prying under it at the bottom, and that the crowbar glanced and deceased thereby lost his balance and fell. As it developed upon plaintiff to prove the accident was the result of negligence, and she having failed to do so, her case must fail. Harrington v. Railroad, 104 Mo. App. 663; Cothron v. Cudahy, 98 Mo. App. 343; Kelley v. Railroad, 105 Mo. App. 365; Hudson v. Railroad, 101 Mo. 13; Norville v. Railroad, 60 Mo. App. 416.

*Zevely & Monroe* and *Silver & Brown* for respondent.

(1) The case was properly submitted to the jury on the question of the negligence of defendant's foreman in giving the order to deceased to go down to the rock and "prize it out," the evidence strongly tending to show that the position in which deceased was required to work at said rock was a dangerous and unsafe one. Stephens v. Railroad, 96 Mo. 207-212; Shortel v. St. Joseph, 104 Mo. 114; Schroeder v. Railroad, 108 Mo. 331; Foster v. Railroad, 115 Mo. 165; Zentz v. Chappel, 103 Mo. App. 208; Shortel v. St. Joseph, 104 Mo. 114; Compton v. Railroad, 82 Mo. App. 175; and cases cited; Donohoe v. Railroad, 136 Mo. 657; Stone Co. v. Muscial, 196 Ill. 325; Curtis v. McNair, 173 Mo. 270; Miller v. Railroad, 109 Mo. 350; Steube v. Ry., 85 Mo. App. 640; Cox v. Granite Co., 39 Mo. App. 425; Baird v. Railroad, 146 Mo. 265, (p. 181); Chouteau v. Iron Works, 94 Mo. 355 (pp. 399-400); Heif, etc. v. Lack. Line, 85 Mo. App. 667; Dunn v. Railroad, 21 Mo. App. 188, p. 198; Clemens v. Railroad, 53 Mo. 366; Settle v. Railroad, 127 Mo. 336. It was per-

missible for plaintiff to waive her right to sue for the maximum sum of five thousand dollars and to sue for two thousand dollars. Marsh v. Railroad, 104 Mo. App. 577; Schroeder v. Railroad, 108 Mo. 332-333.

ELLISON, J.—This is an action by plaintiff who is the widow of Frederick Kane who was killed by falling from the side of an embankment while (as plaintiff charges) he was in the employ of defendant as a laborer. The judgment in the trial court was for the plaintiff.

It appears that in constructing its road through Osage county it became necessary to make a deep cut through the earth and rock so as to put the track upon a proper grade. The cut was thirty-five or forty feet deep and the embankment made thereby was, at most places, nearly perpendicular; but at the place from which deceased fell, there was a sort of bench about eight feet below the top and about thirty feet above the bottom of the cut which afforded room for one to stand. Between the bench and the top of the cut a rock protruded out of the side of the cut or embankment and defendant's foreman ordered deceased to go up onto the bench and prize it out. Deceased procured an iron bar or "spud" and went to the place. Instead of prizing under the rock he struck at it overhand, and either missed it or struck it a glancing lick on the top. The misdirected effort thus made caused him to lose his balance and fall to the bottom of the cut, his death being the result.

It appears clear that defendant is not liable. The work which deceased was performing was manifestly done at his risk—a risk he assumed in his engaging in the work. The evidence in no way shows any hidden danger of defect in deceased's surroundings. He could plainly see all that was involved in his effort to loosen the rock. He had a bench, made by the shape of the embankment at that point, upon which to stand, and he knew, as *anyone* must have known, that a misdirected

blow would, in all probability, throw him from his position. It is however said by plaintiff that from his place when directed to go and do the work, he could not see and judge of the danger. That may be true, but certainly he could see and know all about it when he got to the place. The fact is, deceased met his death, as appears by the testimony of the only eyewitness, by making a misstroke at the rock instead of prizing under it, as directed. We do not regard the case of Stephens v. Railroad, 96 Mo. 207. That case shows a sudden emergency presented to the injured servant in which he could not have had much time for any other thought than that of doing what he was told. From the position of the deceased in that case, and in the circumstances in which he was placed, it was not apparent to him that the rapidly approaching train would strike him. So of Schroeder v. Railroad, 108 Mo. 322, and other cases cited by plaintiff. They do not apply to the facts of this case. In the case last cited, it is said that the servant assumes all the ordinary risks of his employment. That statement is the one commonly used by judges and text-writers. But it is readily seen that the amount of the risk assumed depends altogether on the nature of the employment. The risk in some employments is so great as to appall the ordinary man, while the risk in other employments is commonplace. A painter accepts employment to paint a flagstaff hundreds of feet from the ground—the slightest misbalance means death. So carpenters and others work on the sides of high buildings on swinging scaffolds—the mere act of overreaching for an object will precipitate such person to the ground below. These are great risks that these men assume. If through the fault of the master the scaffold breaks a liability attaches for the consequences to the servant. But if the mere manner of doing the work thus undertaken causes the injury, negligence, or an assumption of the risk agreed to by accepting such employment, is the only answer the law makes to a complaint therefor.

In this case the place where deceased was put to work was as safe as the nature of the employment he undertook permitted. The bench or ground upon which he was standing held its own. There was no hidden peril. His place was not as dangerous as those in the illustrations just stated. If a carpenter on the edge of the roof of a building becomes dizzy, or by misstroke of his hammer he loses his balance and falls, is the master to respond in damages for putting him in such unsafe place in housebuilding? The place is no more dangerous or unsafe than the nature of the work to be done makes necessary, and therefore no liability can follow. [Burnes v. Railroad, 129 Mo. 41; Harff v. Green, 168 Mo. 308; Gibson v. Freygang (decided this term.)]

In Bullivant v. Spokane, 14 Wash. 577, a laborer was engaged at work on a dam which was built at such an angle to the water of Spokane river that he slipped off and fell into the water and was drowned. The court held that the conditions and surroundings were apparent to Bullivant. That he knew no means were provided to prevent him from falling into the water. That he "could see and appreciate the peril to which he was exposed by his employment;" and that "it must be concluded, as a matter of law, that he accepted such peril as incident to his employment." In Fisher v. Railroad, 77 Mich. 546, the deceased with a pike pole was endeavoring to keep a scow from striking a pile driver, the pole slipped as he was pressing it against an object and he lost his balance and fell into the water. It was complained that no provision was made to prevent the workmen from falling into the water, or to rescue them after they should fall in. But the court held that all this was apparent to the deceased. That there were no hidden perils and that he assumed the risk.

And so we hold that no case was made against defendant and hence reverse the judgment. All concur.