[No. 6046. Decided July 20, 1906.]

CHARLES BAKER, *Respondent, v.* DUWAMISH MILL COMPANY, *Appellant.*[1]

MASTER AND SERVANT — NEGLIGENCE — HOLE IN FLOOR — DUTY TO WARN. A master is not free from negligence as a matter of law in failing to warn a servant of holes in the floor at the side of a planer used to carry away the shavings and sawdust, where such holes were liable to become filled up at low tide, and were so, and were unknown to the servant, at the time he was set to work on the machine.

SAME—CONTRIBUTORY NEGLIGENCE. A servant is not guilty of contributory negligence as a matter of law, in stepping, at the left side of a planer, into a hole, filled with shavings and sawdust at the time, or in failing to discover it, although he knew of a similar hole at the right of the machine, and at other places in the floor of the mill, left to carry away the waste, he being in the exercise of his duties at the time, and not familiar with the machine.

[1]Reported in 86 Pac. 167.

SAME—SCOPE OF EMPLOYMENT. An employee engaged at the right side of a planer, who stepped into a hole at the left of the machine, was in the discharge of his duties, when he was not familiar with the machine and was endeavoring to ascertain the cause of the stopping of the operation.

SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. The testimony of a servant that he stepped to the left side of a machine and threw his left hand forward into the knives, upon stepping his left foot into a hole fifteen inches from the machine, is not so improbable or impossible as to warrant the setting aside of the verdict; since he might have been facing the machine, and stepping sideways, when his left foot went into the hole.

SAME—ASSUMPTION OF RISK. If a servant is not guilty of contriutory negligence in failing to discover a hole, filled with waste, at the side of a planer, with which he was not familiar, he cannot be said to have assumed the risk of danger therefrom.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 12, 1905, upon the verdict of a jury rendered in favor of the plaintiff, for personal injuries sustained by the operator of a sticker in a sawmill. Affirmed.

*John P. Hartman,* for appellant.

*Vince H. Faben,* for respondent.

RUDKIN, J.—For some time prior to the 5th day of October, 1904, the defendant was engaged in operating a sawmill in the city of Seattle. Among other machinery installed and operated in the mill, was a small planer called a sticker. The mill was built on piling about ten or twelve feet above the tide flats, and there was a hole in the floor of the mill about one foot in width and two feet in length on each side of the sticker, through which the shavings and sawdust from the mill were removed. The shavings and sawdust dropped or were shoved through these holes on to the tide flats and were carried away by the action of the tide. While the tide was out the shavings would accumulate under the mill and fill up from underneath, so that the holes in question would not be visible from the interior of the mill. For about a week or

two prior to October 5, the plaintiff was employed as a common laborer about the mill. On the morning of that day he was directed by the foreman to operate this planer or sticker. An hour or so after he commenced work, a board became fast in the sticker and the plaintiff stepped from the back of the machine, where he was at work, to the left side of the machine, with a view of ascertaining the cause of the stoppage. As he reached a point just opposite the revolving knives of the sticker, his foot slipped into the hole in the floor, which was about fifteen or twenty inches from the machine and directly opposite the knives. In his effort to protect himself, he threw out his hands, and as he did so, his left hand in some manner came in contact with the revolving knives, causing serious injury to the hand. This action was brought to recover damages for the injuries so received.

The grounds of negligence charged were substantially as follows: (1) The defective condition of the machinery; (2) failure to properly safeguard the machinery; and (3) negligence in failing to warn the plaintiff of the dangerous condition of the platform or floor. The court withdrew the first two grounds of negligence from the consideration of the jury, but submitted the third, under instructions to which no exceptions are taken. The jury returned a verdict in favor of the plaintiff, and from the judgment entered on the verdict this appeal is prosecuted.

The only error assigned is in the ruling of the court denying a motion for a nonsuit at the close of the respondent's testimony. Three questions are discussed under this assignment: (1) Was the appellant guilty of negligence in the matter complained of? (2) If so, was the respondent guilty of contributory negligence? And, (3) did the respondent assume the risk arising from the defective condition of the floor or platform? It is the duty of the master to furnish a reasonably safe place for the servant in the performance of his duties, and it cannot be said as a matter of law that that duty was discharged by the master in this case. If it was

necessary to maintain these holes in the floor for the purpose of discharging shavings and sawdust, common prudence and a proper regard for the safety of others would at least require that the servant should be warned of their existence, so long as they were concealed from view at the time he was placed at work in their immediate vicinity. This case does not differ materially from *Johnson v. Tacoma Mill Co.,* 22 Wash. 88, 60 Pac. 53, where the servant stepped into the barrel of hot water.

Nor can it be said, as a matter of law, that the respondent was guilty of contributory negligence. True, he was aware of the hole on the right side of the sticker, and perhaps at other places in the mill, but whether he knew or should have known, in the exercise of ordinary prudence, that there was a similar hole on the other side, covered with shavings and sawdust, was a question of fact for the jury. There is no force in the suggestion that the respondent was not in the discharge of his duty at the time he received his injury. He was not familiar with the machinery he was operating, and was clearly in the discharge of his duty, as he understood it, when he stepped to one side of the machine to ascertain the cause of the difficulty, and remedy it if possible.

Counsel for appellant earnestly insisted in his argument before this court that the accident could not have happened in the manner testified to by the respondent, and that the respondent's explanation of the manner in which he received his injury is so improbable that the verdict should not be permitted to stand. We do not so view the testimony. If the respondent were walking along the left side of and parallel with the machine when his left foot slipped into the hole, the probability of his throwing his left hand into the machine might be very remote. But he was passing along the left side of the machine in an effort to determine what was wrong, and may have been facing the machine, moving sideways, when his left foot went into the hole in the floor. If so, it is not at all improbable that he might throw his hands forward

into the machine, in an effort to protect himself; at least, his description of the accident is not impossible, nor so improbable as to warrant this court in setting aside the verdict of the jury. Little need be said on the question of assumption of risk. If the respondent was not guilty of contributory negligence in not discovering the existence of the hole in the floor, he certainly did not assume the risk arising from a danger wholly unknown to him, and which he was not at fault in failing to discover.

Finding no error in the record, the judgment is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, CROW, and DUNBAR, JJ., concur.