[No. 5106.    Decided April 3, 1905.]

GEORGE GRIFFITHS, *Appellant*, v. J. E. CRANEY,
*Respondent*.[1]

MASTER AND SERVANT—NEGLIGENCE—INJURY TO WORKMAN RECOV-
ERING GRADING MACHINE—INSECURELY ATTACHING CHAIN—ASSUMP-
TION OF RISK—NONSUIT. In an action against a contractor for per-
sonal injuries sustained by a workman in assisting to recover a
grading scarper that had fallen off the grade, the plaintiff assumed
the risk and a nonsuit is properly granted, where it appears that
the scraper fell upon the plaintiff because of insecurely attaching
a chain near a crack in the tongue, which was broken by the
fall, that the crack was observed by the other workmen and a
caution given as to attaching the chain there, and the work was
done in the presence of the plaintiff, who had opportunity to see
that the chain was securely fastened, or to have gotten out of
the way, in case it was not; and the contractor cannot be held
liable on the theory that it was the duty of the foreman in charge
to see that the chain was securely fastened, where the work was
left to the men and needed no special supervision.

Appeal from a judgment of the superior court for Spo-
kane county, Belt, J., entered December 4, 1903, upon
granting a nonsuit at the close of plaintiff's case, in an ac-
tion for personal injuries sustained by defendant's work-
man in assisting to recover a grading scraper that had
fallen off the grade.   Affirmed.

*Roche & Onstine*, for appellant.

*M. J. Gordon* and *Charles A. Murray*, for respondent.

FULLERTON, J.—The appellant was injured while in
the employ of the respondent, and brought this action to
recover for such injuries, alleging that the same were
caused by the negligence of the respondent.   At the time
of the injury the respondent was engaged as contractor in
constructing a county road near Chattaroy, Spokane coun-

[1]Reported in 80 Pac. 274.

ty, in this state. That part of the road being then con-
structed extended along a steep side hill, and a wheel scrap-
er, pulled by horses, was among the tools used in doing
the necessary grading. Just prior to quitting time on the
evening before the accident, the scraper was brought too
near the edge of the grade, and on being dumped slipped
off the grade and rolled to the foot of the hill. In the fall
the end of the scraper's tongue was broken off, and the
part adhering to the scraper cracked at a point about two
feet from the break. On the next morning the foreman
in charge of the grading ordered the workmen to bring the
scraper back onto the grade. This they undertook to do
by using the team of horses to make the pull. A chain
was extended from the team, which stood on the grade,
down to and hitched onto the scraper. The team, in order
to make a direct pull, had to pull across the course of
the grade, and the distance they could move in that di-
rection was not far enough to bring the scraper onto the
grade. A pull was therefore made bringing the scraper
about half way up the grade, where it was held by the
workmen, the appellant being one of them, until the team
could be brought around and a shorter hitch made with
the chain. After this change was made, and the team
had moved about ten feet on the second pull, the hitch
gave way, and the scraper rolled back against the ap-
pellant, causing the injury for which he sues. It was
shown that the cause of the hitch giving way was the
crack in the tongue. This crack was discovered by one
of the workmen when the chain was first hitched onto it,
at the foot of the hill, and the attention of those engaged
in the work was called to it. At the time the second hitch
was made, a workman again called attention to the break,
cautioning the man making the hitch to get the chain be-
hind the break. The foreman stood on top of the grade
while the work was going on, and signalled when to stop

and shorten the chain, but gave no directions as to the manner in which it should be hitched onto the scraper, leaving that duty to the judgment of the workmen who were working around the scraper.

The action is prosecuted on the theory that it was negligence on the part of the foreman not to see that the chain was hitched securely to the scraper, and that the foreman's negligence is the negligence of his principal, the respondent in this action. The trial court held, however, that the appellant assumed the risk of injury from the manner in which the work was being done, and we think the holding must be sustained. There was nothing about the work that needed special supervision. The appellant knew as well what must be done to get the scraper to the top of the grade as did the foreman, and everything that was done in accomplishing that end was done directly before his eyes. If the chain was insecurely fastened, he, as a reasonably prudent man, ought to have known it, and either insisted upon its being corrected, or gotten out of the track of the scraper in case the hitch should give way and let it roll back down the hill. The evidence shows that he had the opportunity to do both or either, and his injury must be held to be the result of his own neglect.

It is true, the appellant testifies that he did not see the crack in the tongue, nor hear his fellow workman give warning of that fact; but, as we said in *Steeples v. Panel etc. Box Co.*, 33 Wash. 359, 74 Pac. 475, "A plaintiff cannot recover simply by making a statement of that kind, if, under the circumstances, it was his duty, as a reasonably prudent man, to have made such an examination as would have resulted in the desired information." Here we think it was plainly his duty to have made the examination, and that he cannot be heard to plead his ignorance of facts he ought to have known as the basis of his right to recover.

The judgment appealed from is affirmed.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.