[No. 6153. Decided July 28, 1906.]

PEARL TERGESON, *a Minor, by his Guardian Ad Litem, Soren Tergeson, Appellant,* v. ROBINSON MANUFACTURING COMPANY, *Respondent.*[1]

MASTER AND SERVANT—NEGLIGENCE—STATUTES—INSPECTOR'S CERTIFICATE—EVIDENCE—ADMISSIBILITY. In a common law action for personal injuries sustained prior to the enactment of the factory act requiring the guarding of machinery, it is error to admit in evidence the certificate of the inspector, which was made *prima facie* evidence of compliance with such act, where the act further provided that employees may bring their action at common law, in which case the certificate should not be admissible.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered October 3, 1905, upon the verdict of a jury rendered in favor of the defendant, in an action for personal injuries sustained by the operator of a planer in a mill. Reversed.

*F. C. Park* and *Wilshire & Kenaga,* for appellant.

FULLERTON, J.—The appellant was injured while operating a planer as an employee of the respondent, and brought this action to recover damages for the injury so suffered. The injury occurred in March, 1905, and the action was tried on October 3d of the same year. Between the time of

1Reported in 86 Pac. 578.

the injury and the time of the trial, the act of the legislature known as the factory inspection act went into effect. Laws 1905, p. 164. That act made it mandatory upon any person, firm or corporation operating a factory, mill, or workshop where machinery is used, to safeguard all such machinery which it is practical to guard, and with which the employees of the factory are liable to come in contact while in the performance of their duties. The act made it the duty of the commissioner of labor, by himself, or his duly appointed deputy, to examine all such factories, mills, and workshops, and the machinery therein contained for the purpose of determining whether or not the regulations of the act were being complied with; and when, after such examination, he found the machinery of any particular mill or workshop, so safeguarded, to issue a certificate to the owners to that effect; the act further providing that such certificate, so long as it remained in force, should be *prima facie* evidence that all the requirements of the act had been complied with. The act, however, contains this proviso:

"Sec. 10.    Nothing in this act contained shall prevent any person from bringing an action under any other statute or act or at common law for any personal injuries received by him; and in that event the certificate provided for herein shall not be admitted in evidence in such suit or action."

After the act went into effect, the respondent had its mill inspected by the commissioner of labor, and obtained a certificate from him to the effect that it had complied with all the provisions of the act with reference to safeguarding the machinery used therein. On the trial of the case at bar, the respondent was permitted by the court, over the objection of the appellant, to show that the planer on which the appellant was injured was, at the time of the inspection, in the same condition that it was at the time the injury occurred, that the inspector found no fault with it, and that he issued a certificate to the effect that the safeguards complied with the statutory requirements. Afterwards the certificate was intro-

duced in evidence. The court also instructed the jury in that connection that they might consider these facts, "as a circumstance, along with the other evidence in the case, in determining whether or not the defendant was guilty of negligence, in providing" the particular safeguards it had on the machine at the time of the accident to protect its employees against injury therefrom. The appellant assigns as error the admission of this evidence, and bases his claim for a reversal thereon.

The record does not disclose the reasoning by which the trial court justified his ruling, nor have we been favored with a brief or argument on behalf of the respondent, but, after examining the question in the lights before us, we have reached the conclusion that the admission of this evidence cannot be justified. The act providing for an inspection of the machinery in a factory of this kind was not in force when the injury to the appellant occurred, nor was it in force when the action was begun. The act does not purport to have a retroactive effect, nor does it make the remedy provided for therein exclusive even as to injuries occurring subsequent to the time it became operative. Indeed, so far from providing an exclusive remedy, it is expressly provided by the section above quoted that nothing in the act shall prevent any person from bringing a common law action for his injuries, in which event the certificate provided for therein shall not be admitted in evidence. It may be that the injured person cannot have the benefit of the provisions of the act, and his common law remedy at the same time—that is to say, if he pursues his common law remedy the defendant will not be estopped by any of the provisions of the act from making the common law defenses of assumption of risk and contributory negligence—but plainly the section cited allows of a remedy in which the certificate cannot be received in evidence on behalf of the defendant.

The appellant's action was not prosecuted under this statute. It was a common law action for the injury. The re-

spondent, therefore, while it was permitted to show any fact which is at common law a defense to the action, could not be permitted to show that the commissioner of labor, on an examination made long subsequent to the accident, had found no fault with the machine, and had issued a certificate to the effect that the safeguards then in use complied with the requirements of the factory inspection act. His acts and certificate, in so far as the appellant's rights were concerned, were of no more effect as evidence than would be the certificate of an unofficial person, and even were he permitted to give his opinion while on oath from the witness stand as to the sufficiency of the safeguards, he could not give that opinion through the mouths of others or the medium of a certificate.

The judgment is reversed and a new trial ordered.

MOUNT, C. J., HADLEY, DUNBAR, CROW, and RUDKIN, JJ., concur.