[No. 6964.  Decided January 15, 1908.]

PEARL TERGESON, *by His Guardian Ad Litem, Soren Tergeson, Respondent,* v. ROBINSON MANUFACTURING COMPANY, *Appellant.*[1]

MASTER AND SERVANT—NEGLIGENCE—GUARDING DANGEROUS MACHINERY—QUESTIONS FOR JURY. The questions of negligence in failing to properly guard dangerous machinery, and whether it was the proximate cause of the accident, are for the jury where the evidence was conflicting and the plaintiff showed that an originally proper guard on a planer was out of repair, and so worn that upon being struck instead of remaining firm it would move against the knives, and carried plaintiff's hand against the same.

SAME — CONTRIBUTORY NEGLIGENCE — OPERATION OF MACHINERY— YOUTHFUL EMPLOYEE. A minor, of limited experience in running a planer, cannot be said to be guilty of contributory negligence, as a matter of law, in attempting to remove a broken piece of lattice from a planer without stopping the machine, where there was evidence that he did not realize the danger, that such realization could come only from experience, and that he had not been instructed as to the same, when it was the master's duty to give such instructions.

APPEAL—RECORD—TRANSCRIPT. An instruction requested in writing and filed with the clerk is properly made part of the record on appeal without being included in the bill of exceptions or statement of facts.

TRIAL—QUESTIONS FOR JURY—WITHDRAWAL OF ISSUE. Where there was no evidence to support an allegation that the insufficiency of a belt shifter was a proximate cause of the accident, it is reversible error to submit the issue to the jury and to refuse a requested instruction withdrawing the same.

Appeal from a judgment of the superior court for Snohomish county, Honorable J. A. Coleman, judge *pro tempore,* entered March 23, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee while operating a planing machine. Reversed.

[1]Reported in 93 Pac. 428.

*Cooley & Horan,* for appellant.

*Frank C. Park* and *Wilshire & Kenaga,* for respondent.

Crow, J.—This action which has heretofore been in this court (43 Wash. 298, 86 Pac. 578) was commenced by Pearl Tergeson, by Soren Tergeson, his guardian *ad litem,* against Robinson Manufacturing Company, a corporation, to recover damages for personal injuries. From a judgment in plaintiff's favor, the defendant has appealed.

The respondent, an employee of appellant, was injured on March 2, 1905, while running lattice through a sticker or planing machine, which machine was provided with top, bottom, and side-heads, equipped with knives. The lattice material was passed through feed rolls to the lower and upper knives, and thence out of the machine to the rear. A long pole was provided as a belt shifter. It was placed on top of the machine, one end being within easy reach of the operator and the other end resting in a notch to the rear of the belt and counter shaft. In this position it served to retain the belt on the fixed pulley. Near the center of the machine the pole rested between a set-screw and an iron casting which served as a fulcrum when shifting the belt. To stop the machine the operator pulled down the front end of the pole to raise the further end from the notch, drew the pole towards him, pushed it back on the opposite side of the belt, and then, by using the pole as a lever, shifted the belt on to a movable pulley. To start the machine this method was reversed. The heads and knives were located near the center of the machine to the rear of the feed rolls. An iron hood, which could be raised and lowered, was located immediately over the upper head to safeguard the knives. The respondent had on previous occasions fed larger material into this same machine, but his regular employment was to feed mouldings into a smaller machine.

About closing time on the evening preceding the accident, appellant's foreman ordered the respondent to feed lattice

material into the larger machine. He did so and continued the same work about one hour the next morning. The lattice material was cross-grained which caused one piece to break. This broken piece passed the feed rolls and lower head, but clogged the top head and extended about ten inches to the rear above a pressure bar. Respondent stopped the feed rolls and, without shutting down the machine, attempted to remove the broken lattice by pulling it towards the rear, when it was caught by the top head and drawn back so forcibly and quickly as to carry his hand against the knives. The respondent alleged that the appellant was guilty of negligence, (1) in failing to provide a proper belt shifter; (2) in permitting the hood to become old, battered, and out of repair, so that it did not properly perform the functions of a guard; and (3) in failing to properly instruct respondent, an inexperienced minor, as to the duties and dangers incident to his work. The appellant pleaded assumption of risk and contributory negligence.

Appellant, by its several assignments, in substance contends that the trial court erred (1) in denying its motion for judgment *non obstante veredicto*, and (2) in refusing to give instructions requested. In support of the first contention it insists that no failure to instruct respondent or warn him of dangers was shown, sufficient to constitute negligence. We have read the entire record and conclude that the evidence on this issue was so conflicting as to necessitate its submission to the jury.

Appellant further contends that no liability on its part was shown arising out of any alleged defect in the hood, and that it affirmatively appears that such pretended defect was not a proximate cause of the accident. While it was conceded by the respondent that the hood as originally constructed was a proper safeguard, it was contended by him, and he produced evidence tending to show, that it had been permitted to become out of repair; that it was battered and worn to such an

extent that instead of remaining in a firm and fixed position
when lowered over the top head, it would, on being struck,
move against the knives; that when struck by appellant's
hand it did so move; that instead of being a guard it per-
mitted his hand to be carried against the knives, and that no
such result would have occurred had it been in good repair.
The evidence on this issue was in such direct conflict that it
was for the jury to determine whether the hood had become an
insufficient guard, whether it was by reason of want of repair
a proximate cause of the accident, and whether the appellant
was guilty of negligence in permitting it to remain and be
used in such condition.

Appellant further contends that the evidence conclusively
shows the respondent was guilty of contributory negligence
in attempting to remove the broken piece of lattice without
stopping the knives. There was evidence tending to show
that respondent, although a minor, had a limited experience
on this and other machines, and he testified that he knew he
could not have been hurt had he stopped the machine. Yet
there was evidence tending to show that he did not realize the
danger of removing the lattice without stopping the machine,
that he did not know it would run back into the knives instead
of passing on towards the rear, that such knowledge would
only come with experience, that lattice material when cross-
grained was more liable to break than heavier material such
as flooring or ceiling, that he had not previously run any
lattice into this or any other machine, and that he had not
been instructed by the appellant or any other person as to
the danger to which he subjected himself in attempting to
remove the lattice without stopping the machine. If respond-
ent had been an experienced employee of mature years, he
might possibly, under the evidence before us, be held guilty
of contributory negligence as a matter of law; but in view
of his youth, the surrounding circumstances, and the conflict-
ing evidence, it became in this case a question of fact for the

jury to determine whether he did realize, or ought to have
realized, the danger to which he was subjected, and was guilty
of contributory negligence. Upon the evidence before us we
cannot hold him guilty of contributory negligence as a matter
of law. *Kirby v. Wheeler Osgood Co.*, 42 Wash. 610, 85
Pac. 62. It was appellant's duty to properly instruct and
warn respondent. This it contends was done, not only by its
foreman but also by respondent's father. Appellant's alleged
failure to perform this duty would be negligence. The evi-
dence on this issue was conflicting, and properly submitted
to the jury.

The appellant in writing requested an instruction withdraw-
ing from the jury all evidence as to the defective condition of
the hood, contending that such alleged defective condition
had nothing whatever to do with the accident, and was not
a proximate cause thereof. Under the issues and the evidence
above discussed, this instruction was properly refused, and
the assignment of error which appellant has predicated on
such refusal cannot be sustained.

Appellant in writing requested the trial court to instruct
the jury as follows:

"You are instructed that one of the grounds of negligence
charged by the plaintiff herein against the defendant, is that
said defendant maintained a machine upon which plaintiff was
injured, without any proper belt shifter for starting and
stopping such machine. Upon this branch of the case you
are instructed that there is no evidence showing or tending to
show that plaintiff received his injury as the approximate re-
sult of a failure on the part of defendant to maintain a proper
belt shifter. You are, therefore, instructed that it is imma-
terial in determining this case whether the belt shifter main-
tained upon this machine was or was not a proper shifter,
and you will not take that matter into consideration in arriv-
ing at your verdict."

Appellant now contends that the trial court erred in refus-
ing this instruction. The respondent has moved to strike
appellant's requested instructions from the transcript for the

reason that they have not been made a part of the record by
being included in any statement of facts.   He contends that
instructions, whether requested or given, must for the purpose
of predicating error thereon be brought to this court in a
statement of facts, and not in any other manner.   The tran-
script shows that a written request setting forth the instruc-
tions desired was made by appellant and filed with the clerk.
The statement of facts shows the instructions actually given,
and appellant's exceptions to those given and refused.   An
instruction formally requested in writing and filed with the
clerk is a part of the record.   Bal. Code, § 5064 (P. C.
§ 681).   The motion to strike is denied.   The refusal of the
trial court to give the requested instruction last mentioned
constituted prejudicial error.

There is an utter absence of evidence showing, or tending
to show, that the alleged insufficiency of the belt shifter was
a proximate cause of the accident, or that it had anything
whatever to do with it.   If respondent had been injured while
attempting to use the appliance provided, then the question of
its sufficiency or insufficiency would have been an issue in this
case to be submitted to the jury.   We are utterly unable to
understand how the character of the appliance became ma-
terial.   The respondent testified that he had repeatedly used
it as a belt shifter, with complete success.   True, he said that
by reason of certain conditions, the pole sometimes had a
tendency to strike him on the breast, but he further testified
that he received no injury, and substantially admitted that
it was not at all dangerous.   It affirmatively appeared that
neither he nor any other of appellant's employees complained
of its insufficiency.   He made no attempt to use the belt
shifter at the time of the accident, although he could have
successfully stopped the machine by its use had he desired
to do so.

At respondent's request the trial court did in substance
instruct the jury that, if they should find from the evidence

that the appellant did not provide and maintain in use proper belt shifters or other mechanical contrivances for throwing the belts on and off the pulleys which operated the machine, and that the failure so to do caused the injury complained of, such failure constituted negligence upon the part of appellant. This instruction does not cure the error above mentioned, as it submits an issue not authorized by the evidence tending to confuse the jury. Had the jury, in answer to special interrogatories, found (1) that the appellant had not failed to properly instruct or warn the respondent, (2) that it had performed its duty in furnishing a proper safeguard for the top head of the machine, but (3) that the belt shifter was not a proper appliance for the purpose for which it was intended, a general verdict for respondent, upon the evidence before us, would not be permitted to stand. Yet we are unable to say that the jury did not reach its verdict in this manner. For aught that appears the general verdict may have been based solely upon the alleged defective character of the belt shifter, notwithstanding the fact that it had absolutely nothing to do with the accident and was not the proximate cause of the injury sustained.

Having carefully considered all the contentions made by the appellant, we conclude that no prejudicial error was committed by the trial court in any instance other than the one above mentioned in refusing appellant's requested instruction as to the belt shifter, for which error the judgment is reversed, and the cause remanded for a new trial.

HADLEY, C. J., FULLERTON, RUDKIN, and DUNBAR, JJ., concur.

MOUNT and ROOT, JJ., took no part.