[No. 6801. Decided January 17, 1908.]

MARY FORD, *as Guardian etc., Respondent*, v. HEFFERNAN ENGINE WORKS *et al., Appellants.*[1]

MASTER AND SERVANT—ASSUMPTION OF RISKS—OBVIOUS DANGERS. A pit or hole three feet square and ten feet deep, in a shop near a drill press then being constructed, and which was uncovered except by a plank three inches by twelve and four feet long, is such an obvious danger that notice must have been taken thereof by a helper, who fell into the hole while assisting to put in place a heavy wheel weighing fifty or sixty pounds, where it appears that the place was light, that he had just previously assisted in carrying and laying down a shaft within a few feet of the hole, that in carrying the wheel to the hole he had stepped on the plank over the same, and in some unexplained manner had lost his footing and fell into the hole.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 29, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for the death of an employee, resulting from injuries sustained in a machine shop. Reversed.

[1]Reported in 93 Pac. 417.

*Ira Bronson, D. B. Trefethen, R. S. Eskridge,* and *Philip Tindall,* for appellants.

*Walter S. Fulton,* for respondent.

DUNBAR, J.—This action was brought by the respondent to recover from the appellants damages alleged to have been suffered by the respondent through the death of her husband while in the employment of appellant, the Heffernan Engine Works, on the 16th day of June, 1906. Said appellant was engaged in operating machine shops. The deceased at the time of the accident had been in the employment of the appellant as a helper for about three weeks. Most of this time he had been employed in outside work, and had been at the shops of the appellant but a few days previous to his injuries. The shops maintained by the appellant were two in number, an inner and an outer one, and the deceased's duties had kept him most of the time in the outer shop. On the 16th day of June, one John Curry, a machinist and an employee of the appellant, was at work upon a drill press situated in the rear of the inner shop. He made application to the foreman for a helper, and was directed by the foreman to obtain as such helper the deceased. Curry called the deceased from his work in the outer shop, and asked him to assist him in putting a wheel upon parallel bars maintained in connection with the drill press. At the south side of the drill press was a pit or hole about three feet square and ten feet deep. All the guard there was to this hole, after the door which covered it had been taken off for the purpose of doing the work then in progress, was a plank three inches by twelve and about four feet long; so that it will be seen that the entire hole was not covered by the plank. While assisting Curry to carry the wheel, weighing between fifty and sixty pounds, to the parallel bars projecting from the south side of the drill press, the deceased stepped upon the plank and in some manner missed his footing, stepped forward, presumably into the hole, and was precipitated upon

one of the parallel bars, receiving an injury from which he died in a few days.

The acts of negligence relied on by the respondent were the maintenance by appellants, without notice to the deceased, of the hole heretofore described, and requiring the work in the immediate vicinity of this hole without notice or warning of its existence, and the failure to guard or protect the said hole. Upon the trial a verdict in favor of the respondent was returned in the sum of $10,448. Appellants moved for judgment *non obstante veredicto*, upon two grounds: (1) the insufficiency of the evidence to sustain the verdict; (2) that the special finding of the jury establishes freedom of appellants from liability. This motion was denied and judgment entered upon the verdict. From this judgment the appeal was taken.

We think all the circumstances surrounding this case show conclusively that the deceased, if he was an ordinarily prudent man, knew, or ought to have known, of the existence of this hole, and if that be true, respondent cannot recover, for if it was a dangerous place the danger was apparent to deceased. Respondent relies largely upon the case of *Bailey v. Mukilteo Lum. Co.*, 44 Wash. 581, 87 Pac. 819, where it was said by this court that the servant, when directed by the master to work in a certain place, has a right to assume that he will not be exposed to unnecessary perils, or in other words, that such a direction or order implies an assurance of reasonable safety. This has been the uniform announcement of this court, and we have no desire to retreat from that position now. But it has been just as well established by this and all other courts that, where the danger which beset the servant was apparent, it was equivalent to notice from the master of the existing danger.

Respondent also relies upon the case of *Johnson v. Tacoma Mill Co.*, 22 Wash. 88, 60 Pac. 53, where a carpenter who was making repairs on a mill was injured by stepping back-

ward into a barrel of hot water, the barrel being used to re-
ceive the water and steam from an exhaust pipe from an
engine in the mill; the presence of the barrel being unnotice-
able, by reason of the water in the barrel having pieces of
bark floating on it and by reason of no steam arising from
the barrel at the time. It was said by this court that it was
not the duty of the respondent to look for the barrel of
water notwithstanding he could have seen it if he had looked,
for the reason that he naturally would not look for it not
knowing of its existence, and for the further reason that it
did not appear that it was a necessary or common attachment
to the mill, or, if it was, that it was the custom to leave it
uncovered. In that case it was said that the barrel was not
an incident to the business of putting up a pipe, and, under
the testimony, was not so conspicuous as to challenge atten-
tion. Distinguishing that case from that which it seems to
us is the case at bar, the court said: "The plaintiff was not
injured by anything he was working with or upon." While
in this case the cause of the injury was the hole which was
connected with the machinery upon which the deceased was
working, and he would therefore be required to take notice of
the condition of things surrounding the place where he was
working.

There is very little testimony which is material to the issues
in this case. The only eyewitness to the accident was Curry,
who was the agent of the company in the performance of this
business. He testified that he asked deceased to help him carry
this spur wheel, which is a metal wheel about twenty inches
in diameter and three inches thick, and place it upon these
parallel bars; that he took hold of one side of the wheel and
deceased the other, and that they moved along until they
reached the platform. When they stepped upon the plank
which we have before described and while attempting to adjust
or place the wheel upon the parallels, the deceased in some
manner fell and fell astride of the parallel bar.

In his direct examination Curry testified that deceased stepped off into the hole, but upon his cross-examination he admitted that he did not see deceased step, could not see him because the wheel intercepted his vision, and finally admitted that the facts which he had rehearsed in relation to his stepping off were not facts at all which he had observed, but were only inferences which he had drawn from the fact that the deceased was upon the plank and that he had fallen off.  So that the cause of his falling off is somewhat problematical. But conceding that he actually did step off, and conceding also that he had not had any verbal notice from Curry or anyone else as to the existence of this hole, the testimony shows that, notwithstanding it was a somewhat cloudy day as shown by the minutes of the weather bureau, it was one of the longest days of the year and near the middle of the day; that the front of the shop was made of glass, and that there was sufficient light in the shop to do ordinary work.  We think it shows conclusively that there was sufficient light to have enabled the decedent to observe the hole.  This must have been true, for Curry testifies that it was light enough for him, after the decedent was hurt, to finish the work alone, and light enough for him to see the small hole in the spur wheel to put the spindle in and turn it around so the key would fit in the key slot.  It must have been light enough to do this with comfort and safety, and light enough to easily observe everything around the work, or Curry would have resorted to the lights which hung in reach of him and which were placed there to be turned on when the light was not sufficient.

In addition to this, it appears from Curry's testimony that they passed near by this hole when deceased came into the shop with him, and that before they brought the wheel they brought a shaft and laid it down within a few feet of the hole.  This shaft was to be placed in the hole, and it is but reasonable to suppose that, when the deceased helped to bring this shaft, placing it near the hole, leaving it there and going off to get the wheel in which the shaft was to be adjusted, he

must have taken notice of the conditions existing at the place at which he was called upon to work. He must also have noticed when he stepped upon the board—the board being about three inches thick—which raised him up to a plane about eight inches below the top of the parallel bars.

Considering alone the testimony of the respondent in the case, we are forced to the conviction that the decedent knew of the conditions at the place where he was hurt, and that his death occurred through one of those unfortunate accidents for which no one can be held responsible.

The judgment is reversed with instructions to dismiss the action.

HADLEY, C. J., ROOT, MOUNT, CROW, and RUDKIN, JJ., concur.