[No. 7063. Decided February 28, 1908.]

FRANK A. HOFF, *Respondent*, v. JAPANESE-AMERICAN FERTILIZER & FISHERIES COMPANY, *Appellant*.[1]

MASTER AND SERVANT—ASSUMPTION OF RISKS—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY. Whether risks were assumed as incident to the employment, and whether plaintiff was guilty of contributory negligence, are questions for the jury, where it appears that a fireman, while about to put wood on the fire, stepped back into a five-inch depression in the floor, causing his foot to come in contact with a pinch wheel, where it appears that the place was somewhat dark, that the wheel was protected by a much worn coaming which was insufficient to prevent contact with the wheel, and that plaintiff had been in the place but a few times and had not been warned, although he could have seen the wheel, the evidence as to the defenses being somewhat contradictory.

APPEAL—HARMLESS ERROR—TRIAL—INSTRUCTIONS. An instruction, erroneous as an abstract proposition of law, is not ground for reversal, where taken with all the other instructions, it was not erroneous under the facts and not capable of prejudicing the appellant.

Appeal from a judgment of the superior court for King county, Morris, J., entered April 26, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Affirmed.

*F. S. Blattner* and *F. H. Kelley*, for appellant.

*Jay C. Allen*, for respondent.

[1]Reported in 94 Pac. 109.

Root, J.—Plaintiff brought this action to recover damages caused by having his foot injured by the machinery on a tug boat, upon which he was employed as a deck hand and as an assistant at times to the fireman. From a judgment in plaintiff's favor, the defendant appeals.

It was part of respondent's duty to attend to the fires while the fireman was at his meals. In order to put wood upon the fire it was necessary for him to climb into the fire room, which was in a space between the boiler and the engine. Its depth from the deck is about five feet, and it is lighted from a window on each side. The bottom or floor of this hole was, however, somewhat dark. On about a level with the floor, at one side, was a pinch wheel about ten inches in diameter, connected with an "eccentric" and running partly in a well or depression the bottom of which was about five inches below the level of the floor. This well was protected by a coaming made of boards an inch thick, which had become much worn by use and insufficient to keep one's foot from coming in contact with the wheel. Plaintiff had been in this place but a few times prior to the occasion of his injury. He had not been warned of the danger and claimed not to know thereof, although he had seen, or could have seen, the wheel. At the time in question he was about to put some wood upon the fire, when he stepped back and his left foot came in contact with the revolving pinch wheel and eccentric, and he was severely injured.

It was urged by appellant that respondent knew of the presence of this wheel and eccentric and the danger to be apprehended therefrom, and that this danger was incident to his employment, and that he was also guilty of contributory negligence. These are affirmative defenses and must be established by a preponderance of the evidence in order to be available. The evidence, in so far as it was applicable to either of these defenses, was somewhat contradictory, and such that reasonable men might draw different inferences therefrom. There was some evidence and some permissible inferences which would

go to sustain these defenses. On the other hand, there was substantial evidence calculated to defeat them. This being true, the question of whether either or both were established by the evidence became one for the jury, and we cannot say, in the light of this record, that its conclusion was erroneous. We cannot say that the danger was so open and apparent as to charge respondent, as a matter of law, with having assumed the risk. Neither is the evidence sufficient, as a matter of law, to hold him guilty of contributory negligence.

Appellant questions the correctness of an instruction given by the trial court relative to temporary forgetfulness of an employee by reason of which he meets an injury. It is possible that the instruction complained of might be erroneous as an abstract proposition of law, or in a case where the circumstances were different from those here found. But taken together with all the other instructions given in this case, we think that it was not erroneous under the facts of the case, and not capable of prejudicing the rights of appellant. Certain instructions were requested by appellant and refused by the court, and such refusal is assigned as error. We have carefully examined these and think that no error was committed by the refusal.

Error is also assigned upon the ruling of the trial court in permitting the master of the vessel to testify as to the reasonable safety of the place where respondent was working. We do not think this was error.

The judgment is affirmed.

HADLEY, C. J., FULLERTON, MOUNT, CROW, and DUNBAR, JJ., concur.