[No. 7583. Decided April 20, 1909.]

EMMONS PASSAGE, *by his Guardian Ad Litem, Mary Passage, Respondent,* v. THE STIMSON MILL COMPANY, *Appellant.*[1]

MASTER AND SERVANT—DEFECTIVE APPLIANCE—DESCRIPTION—EVIDENCE—REMOTENESS. In an action for personal injuries caused through the negligent adjustment of a pump, a description of the conditions five years before the accident is not inadmissible as too remote, where other evidence indicated that it was in the same general condition at the time of the accident, and the record on appeal fails to show that there was any material difference at the different times; the determination of the matter of remoteness being largely discretionary.

TRIAL—MISCONDUCT OF COUNSEL—MASTER AND SERVANT—QUESTIONS SHOWING INSURANCE AGAINST ACCIDENTS. In an action for personal injuries sustained by an employee on a tug boat, it is not such misconduct as to warrant a reversal, for plaintiff's counsel to ask questions tending to show that defendant carried insurance with an insurance company allowing half pay in case of accident to employees, where it was inferable that accident insurance was carried not depending upon defendant's negligence, and where the court instructed the jury that the statements of counsel were not evidence and were not to be considered.

APPEAL—REVIEW—EVIDENCE. A verdict supported by evidence, although conflicting, will not be set aside on appeal.

[1]Reported in 101 Pac. 239.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—KNOWN DAN-
GERS—MOMENTARY FORGETFULNESS. The rule that momentary forget-
fulness of known dangers does not necessarily constitute contribu-
tory negligence by a servant, applies (with due regard to the circum-
stances) to machinery and appliances with which or upon which the
servant is working, especially in case of an inexperienced or youthful
employee obeying an order to hurry.

DAMAGES—MEASURE—FUTURE SUFFERING AND EARNING CAPACITY.
Where an accident resulted in the loss of a finger, with suffering and
weakness at the time of the trial, it is proper to instruct the jury
that they may take into consideration the probable future suffering
and loss, if any, and probable future earning capacity, in assessing
the damages.

MASTER AND SERVANT—NEGLIGENCE OF MASTER—APPLIANCES—EVI-
DENCE OF SURROUNDINGS—ADMISSIBILITY. In an action for personal
injuries sustained by a servant in starting a pump, whereby his
hand was crushed in a narrow space between a fly-wheel and the
framework, it is proper to refuse to strike out evidence showing a
limited working space between the wall and the fly-wheel, more or
less affecting the method of work and explaining the surroundings,
although the plaintiff admitted on cross-examination that his hand
was not caught there and that it did not have anything to do with
the injury.

TRIAL—INSTRUCTIONS. It is not error to refuse to give requested
instructions covered in the general charge.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered February 1, 1908, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
for personal injuries sustained by an employee on a tugboat.
Affirmed.

*Roberts & Hulbert*, for appellant.

*Jay C. Allen*, for respondent.

PARKER, J.—This action was commenced and prosecuted in
the court below by the respondent against the appellant to
recover damages for personal injuries resulting to him, caused
by the alleged negligence of the appellant, while working
as fireman upon its tugboat called the Stimson, on the 23d
day of March, 1907, at which time he was about two months
under sixteen years of age. He had had some experience

about engines and tugboats, having worked at firing on other boats, covering a period altogether of about six months. At the time of the accident complained of he had worked on the Stimson about one week. His injuries consisted of having his right hand severely bruised and lacerated to the extent that it became necessary to have the middle finger amputated; and were caused, as he claims, upon his taking hold of a fly wheel attached to a pump (connected with the engine) for the purpose of pushing the pump off dead center so it would start running; and which thereupon started suddenly and carried his hand around and into a narrow space between the fly wheel and the fixed portion of the frame, where it became bruised and lacerated. He claims that he was thus attempting to start the pump by direct orders from the engineer under whom he was working, urging him to hurry and start the pump; that he had never, before coming on to the Stimson to work, had experience or worked with a pump arranged as this was; that he had not been instructed as to any particular way of starting the pump when it stopped off center; that there was no method of starting the pump when stopped in that condition, other than by taking hold of the fly wheel with the hands, this being the only method by reason of the lack of appliances and which rendered it particularly dangerous by reason of the lack of room to work in, and the cramped conditions surrounding the pump; that he did not know the fly wheel was liable to suddenly start by steam pressure from the pipes when he pushed it off center, as he claims it did in this instance and carried his hands around to the place of the accident, causing the injury before he could let go the wheel; all of which he claims was negligence on the part of appellant, especially in view of his tender age and inexperience.

These claims of plaintiff were all supported by evidence introduced in his behalf, and except as to his age and his injury, were practically all disputed by evidence introduced in behalf of defendant. It is claimed by defendant that the

injury was the result of plaintiff's own negligence and want of reasonable care, and was caused by dangers which were open, apparent and well-known to plaintiff, or could have been known to him by exercise of reasonable care; that they were incident to his employment and therefore the risk was assumed by him; that notwithstanding his age, he had such experience that instructions were not required from his employer. Upon trial before the court and a jury, a verdict was rendered in favor of plaintiff for $850, and judgment entered accordingly. A motion for new trial made by appellant was overruled, when it appealed to this court, assigning numerous errors. We will notice the facts in connection with each error discussed so far as may be necessary. These we will review in the order of appellant's brief.

(1) E. S. Clough, a marine engineer, a witness for plaintiff, testified as to the general description of the Stimson, and especially as to the arrangement and condition of the pump. He had worked on this boat for seven years, but had not been on her or seen the pump for five years past, having left her that long since. At the close of Clough's testimony, counsel for appellant moved the court to strike out all this evidence on account of its remoteness as to time. The court denied the motion, but intimated that he would strike it unless the conditions of the pump were later shown to be the same. Appellant excepted to this ruling. At this point no testimony other than Clough's had been given. Later on, other witnesses gave testimony as to the present condition of the pump, which was not materially different from Clough's testimony, save he remembered the fly wheel as being within three-fourths of an inch of the woodwork or wall, while others placed it three or four inches away; but it is not plain that they were talking of the same wall or woodwork. Clough speaks of the "back wall" and "side wall." He was asked at one time: "Q. How far was the wheel away from the wall, as you say this is the wall? A. About probably three-fourths of an inch." There is nothing further in the record to show what

wall is being talked of. At another time he was asked: "Q. What is the distance here for a man to get his hand in there? A. About three-fourths of an inch." The record again failing to show what is meant by "there." At another time he was asked: "Q. You had three-quarters of an inch between there and there? A. Somewhere between three-quarters and an inch;" with some additional questions and answers of similar character, but with the record uncertain as to the places mentioned.

Considerable of Clough's evidence consisted of indicating positions upon a diagram used as an exhibit, or in some other way than by word of mouth, and this was so in the cross-examination as well as in the direct. This diagram is not clear as to the position of the walls or framework. All that was said and otherwise indicated was probably understood by the court and jury, but we have only his words to determine whether or not his evidence is materially different from others as to the conditions surrounding the pump. The court must have concluded that it was not materially different, and that the pump was substantially in the same condition when he last saw it as when the accident occurred. If this were true, and we cannot presume to the contrary, this evidence was probably admissible, though somewhat remote as to time. We are not able to see from the record that the court abused its discretion in allowing this testimony to remain, and the admission of testimony by the trial court is very largely discretionary when remoteness of time is the only objection urged against it. 11 Ency. Evidence, 178; *Sunter v. Sunter*, 190 Mass. 449, 77 N. E. 497; *Peabody v. New York etc. R. Co.*, 187 Mass. 489, 73 N. E. 649.

Clough also testified to fixing a loose board in the floor near the pump which he could take up in order to more readily get hold of the wheel to throw it off center. This board did not seem to be there, according to the witnesses who later worked with the pump, but that is of minor consequence; and in any event, the evidence indicates that this arrangement of

Clough's rendered the pump even safer than its condition was at the time of the accident.

(2)   Error is assigned upon the alleged misconduct of the counsel of the plaintiff during the cross-examination of Mr. Ives, the vice president of the appellant, substantially all of which alleged misconduct is shown by the following:

"By Mr. Allen:   Q.   You people have and do maintain insurance with some company by which you are allowed a certain insurance on your men, is not that a fact?   A.   Yes. Q.   And didn't you tell Mrs. Passage not to come for the half pay for a while for it would take some time to send the papers on and get returns?   A.   No, sir, I referred her to Mr. Jacoby.   Q.   You get this half pay from an insurance company?   A.   We are insured.   Q.   And in order to get the insurance you would have to make out a claim and send it to the insurance company?   A.   Yes, sir.   Q. And you did that in this case?   A. Yes, sir.   Q. And you got it from the insurance company?   A.   I don't know that.   Mr. Hulbert: Object to all this line of testimony.   The Court:   Objection overruled.   Mr. Hulbert:   Exception.   Q.   Is it not a fact it does take some time before you can pay this half pay because you have to send it to the insurance company?   Mr. Hulbert:   Objected to.   The Court:   Objection sustained."

This, it is argued, was prejudicial to the appellant, preventing a fair trial in that its purpose was and had the effect of improperly conveying to the jury the impression that plaintiff's damages would be paid by some insurance company if the verdict in this case went against the defendant. In support of their argument counsel cite *Westby v. Washington Brick etc. Mfg. Co.*, 40 Wash. 289, 82 Pac. 271. We think the questions and remarks of counsel constituting the misconduct in that case presented to the minds of the jury the impression that any damages they might award the plaintiff would not have to be paid by the defendant, but by some insurance company, very much more forcibly than in this case.   It is not at all clear what kind of insurance is here referred to by counsel.   One might infer that it was simply accident insurance not depending on defendant's negligence,

but that plaintiff would be entitled to half pay by reason of such insurance; while in the case cited it was plainly and repeatedly intimated by counsel in the presence of the jury that the insurance was against defendant's own negligence, and that damages on account thereof would have to be paid by the insurance company and not the defendant. A little later in the trial when this subject was again very briefly alluded to in the examination of Mrs. Passage by plaintiff's counsel, at the request of counsel for defendant the court instructed the jury: "That the statements made by counsel do not constitute evidence in the case and you are not to consider them as evidence." In the light of this whole proceeding and the court's instruction, we do not feel warranted in holding that the questions and remarks of counsel are such misconduct on his part as amounted to prejudicial error. We are not passing upon the relevancy of these matters; that is not the question here, even if the exceptions were sufficient and timely.

(3) It is next contended that the trial court erred in denying the plaintiff's motion for nonsuit, and also in denying its challenge to the sufficiency of the evidence and motion for judgment accordingly, at the conclusion of the entire evidence—the argument being that no negligence was proven against the defendant, that plaintiff was guilty of contributory negligence, and that he assumed the risk. The evidence covered some two hundred pages of typewriting, and we have taken considerable pains in reading and examining all of it. It is not practical within any reasonable limits, nor do we deem it necessary, to analyze the evidence in detail here. It is sufficient to state that we find conflicting testimony on substantially all questions of fact upon which these motions rest for their proper solution. There is no dispute as to plaintiff's being under sixteen years of age, or as to his being acquainted with this pump but one week. There is but little dispute as to the nature and extent of plaintiff's injury, as to the amount of his experience generally, which in any view of the evidence was comparatively limited, or as to the neces-

sity of starting the pump by taking hold of it with the hands. But the evidence is conflicting as to his knowledge of this particular pump; especially as to how it was liable to act when one attempted to throw it off center for starting, as to whether or not he was instructed concerning the dangers incident to starting it, as to whether or not he failed to exercise due care in starting the pump, as to whether or not he acted by direct orders of the engineer, and as to whether or not he was compelled by such orders to act hurriedly and without time for consideration of the dangers. As to these matters, this case is much like that of *Tergeson v. Robinson Mfg. Co.*, 48 Wash. 294, 93 Pac. 428. There was evidence to support, and if believed, to warrant the jury's findings. We cannot say as a matter of law the defendant was not negligent, nor that the plaintiff was guilty of contributory negligence.

(4) It is contended that the trial court erred in giving the following instruction:

"I charge you that if the servant is injured by danger which is known to him, or which in the exercise of care and intelligence on his part he should have known, yet if in a moment of forgetfulness, while in the discharge of his duties, and owing to the haste required to perform such duties, he momentarily forgets such danger and in such moment of forgetfulness is injured, that does not in law preclude a recovery. That is, the minute that fact appears, it is not proper for law to say, You cannot recover because you knew of the danger and you forgot it. That is a fact and circumstance which you may take into consideration with all the other facts and circumstances in determining the character of the danger and determining the question whether or not the servant was guilty of negligence."

It is not contended but what this is, generally speaking, a correct statement of the law. Indeed, it finds support in *King v. Griffiths-Sprague Stevedoring Co.*, 45 Wash. 425, 88 Pac. 759; and *Hoff v. Japanese-American Fertilizer & Fisheries Co.*, 48 Wash. 581, 94 Pac. 109. But counsel argue that it has no application here as plaintiff was injured by machinery that he was working with and upon, and that the

rule of the instruction applies only where one is injured by something that he is not working with or upon, citing *Ford v. Heffernan Engine Works*, 48 Wash. 315, 93 Pac. 417. We see but little in that case touching questions incident to forgetfulness of known dangers. The views there expressed are to the effect that an employee is held to a higher degree of care in taking notice of dangers in the machinery he is working with than as to dangers not connected with the machinery immediately under his control. We do not think it was intended to lay down the rule, which counsel seems to contend for, that forgetfulness of known dangers might excuse as against contributory negligence when the danger is not connected directly with the machinery, but would never excuse when the danger was connected directly with the machinery. It would not be practical to thus lay down any hard and fast rule. Each case must rest to a large extent on its own peculiar circumstances. Amid excitement and hurrying orders from superiors, forgetfulness of known dangers even directly connected with the machinery, by one of comparative inexperience might render him excusable against contributory negligence, while forgetfulness of known dangers by one of experience amid calm surroundings with time for reflection would be no excuse. This instruction in substance only told the jury that forgetfulness does not of itself show contributory negligence. In the case of *Kane v. Northern Central R.*, 128 U. S. 91, 9 Sup. Ct. 16, 32 L. Ed. 339, in discussing the apparent contributory negligence of a brakeman, who for the moment forgot that one of the iron steps on the side of a car was missing, though he had known it before, and in attempting to use it fell and was injured, Justice Harlan said:

"But in determining whether an employee has recklessly exposed himself to peril, or failed to exercise the care for his personal safety that might reasonably be expected, regard must always be had to the exigencies of his position, indeed, to all the circumstances of the particular occasion."

We think the giving of this instruction was not error, and in view of the evidence, quite appropriate.

(5)  Error is claimed by the appellant in the giving by the court of an instruction to the effect that in compensating plaintiff for injuries, if the jury should find for him, they might take into consideration his probable future suffering, and also the loss, if any, of his probable future earning capacity.  Counsel objects to this instruction because of lack of evidence as to his future suffering and future earning capacity.  It is true the direct evidence on this question was very slight, but the plaintiff testified to some present pain and to some present weakness in his hand; this together with the actual loss of his finger rendered this instruction proper. The smallness of the verdict renders it practically certain that it did not act to the prejudice of the defendant.

(6)  Appellant contends that the trial court erroneously refused to give the following requested instruction:

"I ask the court to instruct the jury also not to consider the fact of the wheel being close to the wall on the left hand side as the witness, the plaintiff himself, testified it had nothing to do with the accident."

In the description of the pump and its surroundings, witnesses had testified as to the distance of the wheel from the wall, which testimony tended to show the limited working space surrounding the pump, and in the somewhat extended and searching cross-examination of the plaintiff, it was asked and answered as follows:

"Q.  You didn't get your hand caught in between the wall and the fly wheel on the left hand side?  A. No, sir.  Q. And the wall on the left hand side didn't have anything to do with your injury, did it?  A. No, sir.  Q.  The fact of the wall being there within about four inches of the fly wheel, that didn't have anything to do with your getting your finger caught in there, did it?  A. No, sir."

This, it is argued, rendered all testimony as to the proximity of the wall irrelevant and was prejudicial since its tendency

was to show dangers foreign to the accident. It will be noticed these were leading questions, the whole amounting to little else than an opinion of the witness expressed in words of counsel, put into the witness' mouth. There was considerable testimony by other witnesses, as well as the plaintiff, which tended to show the proximity of the wall and the limited surroundings generally, all of which more or less affected the method of working with and manipulating the pump. We do not regard this case, in this respect, analogous to *Tergeson v. Robinson Mfg. Co.*, 48 Wash. 294, 93 Pac. 428, cited by counsel. In that case there was apparently an entire absence of evidence of a certain piece of alleged defective machinery having anything to do with the accident, the injury being caused by another part of the machinery. We think it was proper for this evidence to remain in the case for the consideration of the jury, and that it should not be excluded solely on account of these leading questions being answered in the affirmative by the plaintiff. The proximity of the wall may not have been in a certain sense the cause of his hand being caught, but it did assist in explaining the immediate surroundings.

(7) Error is claimed by appellant based upon the court's refusal to give certain other requested instructions. However, we are satisfied from a careful examination of those given by the court that the same ground was in substance covered, at least to the extent required in the case.

The foregoing disposes of all the matters complained of which we deem necessary to review. There were some other minor assignments of error, but they are disposed of in the foregoing in so far as they require discussion. We conclude that the record does not show any reversible error, and therefore the judgment of the lower court is affirmed.

MOUNT, DUNBAR, GOSE, CROW, FULLERTON, and MORRIS, JJ., concur.