[No. 8519. *En Banc.* August 8, 1910.]

W. G. MERCER, *Respondent*, v. LLOYD TRANSFER COMPANY, *Appellant*.[1]

APPEAL—NOTICE—TIME FOR TAKING. Where appellant moved for a new trial, the time for taking an appeal commenced to run on denial of the motion.

APPEAL—RECORD—STATEMENT OF FACTS—TIME. A proposed statement of facts is in time if filed and served within thirty days after the time for taking an appeal begins to run.

MASTER AND SERVANT—NEGLIGENCE—SAFE PLACE. No question of the master's duty to furnish a safe place to work is involved where a teamster's assistant was injured while holding heavy iron plates improperly loaded on a truck by himself and the driver, the instrumentalities being proper and sufficient and the dangerous method of loading being readily observable.

SAME—FELLOW SERVANTS—COMMON EMPLOYMENT. A teamster and his assistant are fellow servants where they were engaged in the common undertaking of loading heavy iron plates on a truck, both were experienced men, and they conferred together as to the proper manner of loading them.

[1]Reported in 110 Pac. 389.

Appeal from a judgment of the superior court for King county, Joiner, J., entered June 4, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Reversed.

*Kerr & McCord*, for appellant.

*Vernon W. Buck*, for respondent.

Crow, J.—Action by W. G. Mercer against Lloyd Transfer Company, a corporation, to recover damages for personal injuries. From a judgment in plaintiff's favor, the defendant has appealed.

Respondent moves to dismiss the appeal for the reason that the notice of appeal was not served in time. The verdict was returned and the final judgment was entered on June 4, 1909. The order denying appellant's motion for a new trial was entered on September 18, 1909, on which date the time for appeal commenced to run. The notice was filed on November 5, 1909, within time. Appellant also moves to strike the statement of facts, contending that it was not filed in time. A proposed statement of facts, in the absence of any extension of time, must be filed and served within thirty days after the time begins to run within which an appeal can be taken. Respondent's proposed statement was filed and served within the thirty days, on October 12, 1909. The motion to dismiss and the motion to strike are both denied.

Appellant made and filed its alternative motion for judgment notwithstanding the verdict, or for a new trial, which was denied, and we find it necessary to consider only its contention that the trial court erred in denying the motion for judgment notwithstanding the verdict. The following undisputed facts appear from the evidence: That appellant is a transfer company in the city of Seattle, engaged in handling and transporting all kinds of goods, wares, and merchandise; that respondent was in its employ at the time of his injuries, being engaged as helper to one Peters, a driver, also employed by appellant; that respondent and Peters went

to a warehouse in Seattle to load upon one of appellant's trucks four.iron plates, weighing about nine hundred pounds each, and transport them a distance of about three city blocks; that the plates were about six feet long and four feet wide; that the bed of the truck was six feet wide and much longer than the plates; that respondent and Peters and two employees of the warehouse loaded the plates on the truck; that instead of placing them flat or in a horizontal position, and for the purpose of unloading with greater ease, they stood them upon the bed of the truck, upon edge, and leaned them at an angle of about forty-five degrees against certain posts or stanchions; that after the plates were on the truck respondent asked Peters if he did not intend to tie them; that Peters replied in the negative; that thereupon respondent stood upon the truck and held the plates with a stake; that when the truck was crossing a railway track, one of its wheels commenced to slide on striking a rail; and that the plates toppled and fell against respondent.

Respondent alleged that the appellant was negligent, (1) in failing to furnish him a safe place in which to work; (2) in that its foreman carelessly and negligently ordered him to dispense with tying the plates; and (3) in that Peters drove across the railway track in a careless and negligent manner. The appellant pleaded the affirmative defenses of assumption of risk, contributory negligence, and negligence of a fellow servant. Respondent's allegations of negligence on the part of the foreman and of Peters, the driver, were properly withdrawn from the jury for want of evidence to sustain them. This leaves for consideration the single question whether appellant was negligent in failing to furnish the respondent a safe place in which to work. This issue was submitted to the jury by the trial judge who, in his instructions, said:

"I instruct you that in order for the plaintiff to recover it must be found that the place was unsafe and that he went to work in an unsafe place upon the direction of the teamster,

Peters, and that Peters had authority to direct his actions in. that particular."

We fail to see how the doctrine of safe place or the question of a vice principal can be involved in this action. It appears. that Peters, the driver, and respondent, as appellant's employees, were jointly engaged in the task of loading plates; that they were each in such a situation as to afford them a controlling influence the one over the other, and that the only negligence, if any, was their joint act in improperly loading the plates: There is no claim that the truck was defective, out of repair, or unfit for the purpose for which it was. being used. It was a proper and safe instrumentality provided by the master; nor was there anything necessarily dangerous about the place in which they were working. The only dangerous element which at any time threatened them, or injured the respondent, was one which he and Peters un- ╱ necessarily created by loading the plates in an improper and unsafe manner, the danger of which should have been readily observed by any reasonably prudent man. The element of safe place does not enter into this case, nor can we hold that Peters was a vice principal. It is manifest that he and the respondent were fellow servants. They were engaged in the common undertaking of loading and transporting the iron plates. They conferred together in reference to their work and the manner of its performance. Respondent asked Peters. whether he intended to tie the plates. Peters replied: "No, you can hold them." Without objection, respondent thereupon attempted to do so with the aid of a stake held against. the plates. Respondent's question and Peters' answer positively show that they considered and discussed the question of safety in loading and handling the plates; that they exercised their own judgment, and acted accordingly. The respondent knew the element of danger involved and, without protest, assented to and adopted an unsafe method of securing and holding the plates, which resulted in the accident. No negligence on the part of appellant has been shown. It

had provided proper appliances. Respondent and the driver were both experienced men, were engaged as fellow servants in performing the common work of loading. If either or both of them made a mistake and were guilty of negligence, the master cannot be held liable in the absence of negligence on its part. The respondent in part testified as follows:

"Q. And you loaded it up on edge, on the truck, Mr. Mercer, instead of putting it down flat on the truck so that you could handle it more easily over at the dock when it came to unload it than if it was lying flat? A. Yes, sir. Q. You knew also if you had laid it down upon the bottom of the truck flat, there would have been no possibility of its turning over on anybody, didn't you? A. No, certainly not, but they wouldn't take the time to do it. Q. You would not take that time. You knew also that if that iron did turn over that you were trying to hold and prevent from turning over that it might catch you and injure you? A. I never gave it a thought. Q. But if you had thought about it you would have known well enough that if you failed to hold it and it actually toppled over there it was liable to catch you between the stakes on the other side of the truck and hurt you? A. Yes, it naturally would. Q. And you didn't stop to think about that at all. Now, if I got your testimony right, and if I didn't want you to correct me, you testified: 'I said to Pete, aint you going to tie those plates, and he said No, and I tried to hold them and he struck the rail going fast and they turned over and hurt me.' That was your testimony, was it? That is the way it happened? A. Yes. Q. Now, have you ever hauled those plates before? A. I have hauled different plates. Q. You have hauled all kinds of iron including these strips of iron, haven't you? A. Yes. Q. And all lengths and all widths and all weights practically? A. Yes. Q. You had always or as a rule with thick plates and wide plates of iron, you had leaned them up against the stakes just as you did that day? A. No. Sometimes. Generally we hauled all those plates on the big flat wagon. Q. Then you laid them down flat, did you? A. Yes, sir."

This evidence and other statements made by respondent show that the negligence which caused the accident cannot be charged to the appellant. This case falls within the rule

announced in *Desjardins v. St. Paul & Tacoma Lumber Co.*, 54 Wash. 278, 102 Pac. 1034, and *Jock v. Columbia & Puget Sound R. Co.*, 53 Wash. 437, 102 Pac. 405. In the latter case two laborers, one claimed by the plaintiff to have been a vice principal, were unloading lumber from a car, and this court, after quoting from *Hammarberg v. St. Paul & Tacoma Lumber Co.*, 19 Wash. 537, 53 Pac. 727, said:

"This case, it seems to us, falls squarely within the illustration given in that case where the doctrine of fellow servant should apply. The two men were working together. They were both under a common employment; both conceded to be common laborers. They were conversing and counseling about the manner of unloading the lumber. One of them steadied the stakes to keep them from toppling over, while the other one cut them off. It was a simple service which was to be rendered. There was no machinery involved, intricate or otherwise. The respondent could see clear around the whole transaction. He was working side by side with his colaborer, each assisting the other in the details of the work, and in a position where he could have protected himself against the negligence of his co-laborer if he had paid any heed to him."

So here, respondent and Peters were working together as fellow servants, engaged in the common employment of loading iron plates upon appellant's truck. They consulted about the method of placing and securing the load. Respondent, adopting Peters' suggestion without objection, used a stake to hold the iron plates, thereby voluntarily adopting an unsafe method, and the injury resulted. The master gave no directions, either as to the method of loading, or securing the load, was guilty of no negligence, and cannot be held liable. Appellant's motion for judgment notwithstanding the verdict should have been sustained.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

Rudkin, C. J., Morris, Gose, Mount, Dunbar, and Parker, JJ., concur.