[No. 30635. Department Two. October 22, 1948.]

ANNA EIBAN, *Appellant,* v. HAROLD WIDSTEEN *et al.,* *Respondents.*[1]

*Koenigsberg & Sanford,* for appellant.

*Stanley A. Taylor* and *Wm. J. Conniff,* for respondents.

SIMPSON, J.—The plaintiff brought this action to recover compensation for personal injuries sustained while working for defendants in their home.

It is alleged in the complaint that plaintiff is seventy years old, weighs approximately one hundred ninety pounds, and 'is short in stature. April 21, 1947, she was employed by defendants to perform housework in their home and had worked as a domestic in the home one day each week for a considerable period of time, prior to the date of the

[1]Reported in 198 P. (2d) 667.

accident. Included in plaintiff's duties was that of removing the garbage from the house to the garbage can, located at the rear of the dwelling. Leading from the kitchen door to the back yard was a flight of six stairs without any top landing or handrail. The tread of each was approximately eleven inches, the riser on each being approximately seven inches, and each step was about forty-eight inches wide. The threshold, from which an individual stepped from the house to the stairs, extended out over the top step approximately one and three-eighths inches, which decreased the usable tread of that step to the extent noted. There was a screen door opening onto the top step. It rested on the threshold so that one emerging from the kitchen had no place to stand other than on the top step. The distance to the ground was approximately forty-two inches.

April 21, 1947, plaintiff, intending to dispose of garbage, and carrying a bucket of garbage in one hand and two paper sacks of garbage in the other, pushed back the screen door with her foot and stepped out near the left edge of the top step. While she was in that position, with the screen door resting against her body, a dog, owned by defendants, ran between her legs from the rear. This caused her to lose her balance, and she fell over the edge of the stairway to her left on the ground, causing her severe injuries. The negligence with which defendants were charged in the complaint was defective construction and maintenance of the flight of steps. Plaintiff detailed four specific charges of negligence as follows:

"(1) In failing to have handrails.
"(2) In failing to have a top landing.
"(3) In narrowing the top tread by reason of sill or threshold thereon to approximately 9½ inches.
"(4) In maintaining a screen door when there is no handrail and on top landing, impeding the facility of egress when an employee is expected to use that flight of stairs while carrying garbage from the kitchen onto and down said stairs."

Defendants demurred to the amended complaint, which contained the statements we have just related, on the ground

that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained. The plaintiff abiding her pleading, the action was dismissed. She appeals.

For the purpose of this case, we will assume, without deciding, that the respondents were negligent as charged in the complaint. We do this for the reason that we have concluded that appellant assumed the risks of her employment. The facts in this case bring it clearly within the rule announced in *Cummins v. Dufault,* 18 Wn. (2d) 274, 139 P. (2d) 308. The facts in that case demonstrated that plaintiff was injured when he fell from a tramway, or walk, while pushing hops into bins in a kiln. The plaintiff knew of the conditions surrounding the place where he was working. In holding that he assumed the risk of the danger incident to the work he was doing, this court stated:

"A servant assumes the extraordinary risks if they are open and apparent, although due directly to the master's negligence. *Jennings v. Tacoma R. & Motor Co.,* 7 Wash. 275, 34 Pac. 937; *Olson v. McMurray Cedar Lbr. Co.,* 9 Wash. 500, 37 Pac. 679; *Griffiths v. Craney,* 38 Wash. 90, 80 Pac. 274; *Mercer v. Lloyd Transfer Co.,* 59 Wash. 560, 110 Pac. 389; *Lahti v. Rothschild,* 60 Wash. 438, 111 Pac. 451; *Kahlstrom v. International Stevedoring Co.,* 141 Wash. 374, 250 Pac. 287, 256 Pac. 503.

"While it is necessary that the danger be understood or comprehended by the servant as well as the facts of its condition which are apparent to him (*Lahti v. Rothschild, supra; Engelking v. Spokane,* 59 Wash. 446, 110 Pac. 25, 29 L. R. A. (N. S.) 481), the servant must, however, use his senses. He cannot plead ignorance of conditions which he as an ordinarily prudent person should have observed. *Ford v. Heffernan Engine Works,* 48 Wash. 315, 93 Pac. 417. It is his duty to take note of his surroundings and make such examination as an ordinarily prudent person would make under the same or similar circumstances."

It is the rule that any employee assumes all the dangers inherent in the work that are ordinarily incident thereto. The location of the steps, the manner in which they were constructed, the location of the screen door, and its

construction and method of operation, were all well known to appellant. She had worked for respondents for a considerable length of time and was charged with knowledge of the situation under which she was working. If she chose to carry the garbage from the kitchen in the manner alleged in the complaint, she did that at her own risk and must abide the consequences of the manner in which she worked.

▪ Appellant, in her well-considered brief, makes the argument that contributory negligence and assumption of risk are affirmative defenses which must be alleged and proved by the defendant. This, of course, is generally true. It is also true that, if a complaint contains matters which show contributory negligence as a matter of law, or assumption of risk, then the court, upon a demurrer, must consider those facts to the same extent as though they were alleged in an answer and proven as a defense. If this were not the rule, the court in every case would have to compel a defendant to go to trial, even though the plaintiff alleged matters in his complaint which clearly showed a defense to the charge made against the defendant.

Counsel for appellant argue that the case of *Kelly v. The Vogue,* 21 Wn. (2d) 785, 153 P. (2d) 277, should govern the conclusion to be reached in the instant case. The *Kelly* case is not in point, the reason being that it was based upon the fact that the city of Spokane, in which the accident occurred, had in effect an ordinance which provided that: "All stairs shall be provided with suitable handrails, and must be kept in good and safe repair." In that case, this court approved an instruction which told the jury that the injured employee assumed no risk in connection with the defendant's violation of the ordinance providing for handrails. The effect of that decision was to abolish the assumption of risk only in cases where the law commands that certain protective devices be installed. That rule cannot be of any effect here because there was no law requiring that respondents maintain handrails on the sides of their kitchen steps.

It is our conclusion that the facts alleged in the complaint show that the appellant assumed the risk incident to her em-

ployment, and that she cannot now complain of any negligence on the part of respondents.

The judgment is therefore affirmed.

MALLERY, C. J., MILLARD, ROBINSON, and SCHWELLENBACH, JJ., concur.